IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GRABSTALD, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-5789 |
| v. | ) ) | Judge Manish S. Shah |
| | ) | Magistrate Judge Mary Rowland |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) | |
| Defendants. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE A MEMORANDUM IN EXCESS OF 15 PAGES IN SUPPORT OF ITS MOTION TO DISMISS**

Walgreens Boots Alliance, Inc. ("Walgreens"), by its undersigned attorneys, hereby moves for leave to file a memorandum in support of their motion to dismiss the Class Action Complaint in excess of the 15-page limit imposed by L.R. 7.1. More specifically, Walgreens requests a total of 30 pages for their memorandum in support of its motion to dismiss. Walgreens has consulted with counsel for plaintiff, who do not oppose this request so long as they are also provided 30 pages for their memorandum in opposition, to which Walgreens agrees. In further support, Walgreens states as follows:

1. The Class Action Complaint in this case includes 167 paragraphs and spans 46 pages. There are 8 counts based on multiple legal theories, including multiple theories pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) & (d); ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3) & 1104(a)(1); and California state law, including Cal. Bus. & Prof. Code § 17200 and Cal. Civ. Code § 1750 *et seq.* Consequently, Walgreens' motion to dismiss the complaint is more complex and requires more discussion than in a typical case.

2. Walgreens continues to work to stream-line and focus its arguments, but will not be able to effectively set out the various legal defects in the Class Action Complaint within 15 pages. Walgreens will be able to do so within 30 pages when it files its motion to dismiss on October 5, 2017.

3. Walgreens has consulted with plaintiff's counsel, who have no objection to the relief requested so long as plaintiff has 30 pages for his memorandum in opposition. Walgreens has no objection to plaintiff being granted this commensurate limit for his opposition memorandum.

WHEREFORE, Walgreens moves for an order:

a. Granting Walgreens leave to file a memorandum in support of its motion to dismiss the Class Action Complaint not to exceed 30 pages;

b. Further granting plaintiff leave to file their opposition memorandum not to exceed 30 pages; and

c. Providing such other and further relief as the Court may deem proper.

Respectfully submitted,

**WALGREENS BOOTS ALLIANCE, INC.**

By:    /s/ Robert M. Andalman
       One of its attorneys

Frederick Robinson (to be admitted *pro hac vice*)
Megan Fanale Engel (to be admitted *pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Tel: (202) 662-0200
Fax: (202) 662-4643

Marc B. Collier (to be admitted *pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: (512) 474-5201
Fax: (512) 536-4598


Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
A&G Law LLC
542 South Dearborn Street, 10th Floor
Chicago, IL 60605
Tel.: (312) 341-3900
Fax: (312) 341-0700

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Robert M. Andalman, hereby certify that on September 21, 2017 I caused to be electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE A MEMORANDUM IN EXCESS OF 15 PAGES IN SUPPORT OF ITS MOTION TO DISMISS**, which will be served electronically on all registered parties of record.

                                          /s/ Robert M. Andalman